IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HERBERT GREGORY WILKINS,

    Plaintiff,

v.

DAVID J. MAHONEY and
DANE COUNTY,

    Defendants.

OPINION & ORDER

Case No. 18-cv-731-wmc

Plaintiff Herbert Gregory Wilkins brings this action under 42 U.S.C. § 1983 against defendants Sheriff David Mahoney and Dane County. Wilkins claims that the treatment he has been dealing with at Dane County Jail, and by the Dane County Sheriff's Office more generally, violates his constitutional rights. Since filing his complaint, Wilkins has filed a motion to supplement and his proposed supplement (dkt. ##9, 11), and motions for assistance in recruiting counsel (dkt. ##4, 12). The court will deny his request for assistance in recruiting counsel as premature, but will grant his motion to supplement and consider that filing along with his complaint for purposes of screening, as required by 28 U.S.C. § 1915A. After review, the court concludes that Wilkins' complaint and supplement are too vague and confusing to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss the complaint without prejudice and give Wilkins the opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The purpose of Rule 8 is fair notice, and thus a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 795, 798 (7th Cir. 2011).

Wilkins' allegations are too vague and rambling to provide defendants or the court with adequate notice of his claims. It appears that he is challenging (1) the jail's policies related to mental health treatment and medications between April 2016 and May 2017; (2) racially discriminatory practices within the Dane County criminal justice system, by both the sheriff's office and the courts; (3) his inability to adequately access the courts in a previous lawsuit before this court; (4) unidentified retaliatory actions by Dane County officials in response to his decision to speak publicly about the conditions at the jail; and (5) his inability to access the proper forms to vote absentee in the November 2018 election. These allegations may hint at constitutional claims, but absent from his complaint are any *factual* details underpinning these claims. Moreover, his complaint and supplement are difficult to read, the categories of complaints are made in very general terms, and his allegations are frequently interrupted by paragraphs of repetitive and conclusory assertions

2

related to his rights to liberty and justice. As such, it is impossible for the court to evaluate whether his claims pass muster for screening purposes, much less for defendants to respond to his assertions in his complaint.

Furthermore, it is doubtful that plaintiff will be able to proceed against Mahoney and/or Dane County. It appears that Wilkins has identified these two defendants because he seeks to challenge various policies carried out at the jail and throughout Dane County. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to state a claim against a county, plaintiff must allege that the alleged constitutional violation was "caused by: (1) an official policy adopted and promulgated by [the county's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). However, while plaintiff refers to discriminatory policies and practices involving mental health treatment and race, he does not provide adequate context for the court (or defendants) to understand exactly what policies he is challenging. Accordingly, it would appear that plaintiff cannot proceed on a *Monell*-type claim unless he identifies the policies he challenges with a greater degree of specificity.

Finally, it appears that Wilkins' complaint and supplement do not comply with Federal Rule of Civil Procedure 20, which allows a plaintiff to join as many defendants as he wants in one action, but only so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* a common "question of law or fact" arises as to *all* defendants in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 exists to prevent a plaintiff from "throw[ing] all of his grievances, against dozens of different parties,

into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). While plaintiff may believe he has legitimate claims challenging jail conditions and the Dane County criminal justice system, it does not appear that his concerns arise from the same transaction or occurrence, nor that his unrelated claims involve a common defendant. As such, even if plaintiff had adequately stated claims related to mental health treatment, racism, retaliation and the ability to vote in jail, it does not appear that he can pursue his challenges to the conditions of confinement of the jail in the same lawsuit as that involving his claims challenging the policies practices of the county more generally.

Therefore, to proceed further with this lawsuit, plaintiff will be required to file an amended complaint, which the court will take it under advisement for prompt screening under 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should carefully consider which claims he would like to pursue in this lawsuit; if plaintiff's amended complaint includes claims or defendants that violate Rule 20, the court may dismiss inappropriate defendants or sever inappropriately joined claims *sua sponte*.

More practically, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events they became involved. Most importantly, plaintiff should not set forth details that do not relate *directly* to his claims,

4

nor should he repeat any of the allegations comprising his claims or devote paragraphs to legal arguments or general grievances about defendants.

After he finishes drafting his amended complaint, plaintiff should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Finally, the court is denying plaintiff's motions for assistance in recruiting counsel as premature. At this stage, plaintiff's only obligation is to review this order and draft a proposed amended complaint using the standards set forth above. Wilkins' filings, while rambling and lacking in specificity, do not suggest that he is unable to complete the task at hand. Accordingly, the court is denying these motions, but the denial will be without prejudice to his ability to renew this request if the court grants him leave to proceed and he discovers that the legal and factual difficulty of this case exceeds his ability to litigate it.

ORDER

IT IS ORDERED that:

1. Plaintiff Herbert Gregory Wilkins' motion to supplement (dkt. #9) is GRANTED.

2. Plaintiff's motions for assistance in recruiting counsel (dkt. ##4, 12) are DENIED without prejudice.

3. Plaintiff's complaint is DISMISSED without prejudice for failure to satisfy Federal Rule of Civil Procedure 8.

4. Plaintiff may have until **October 3, 2019**, to submit an amended complaint. **If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 12th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge